**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
JOSEPH A. CHARLES,            :
                              :          Civil Action No.
           Petitioner,        :          07-3214 (RMB)
                              :
        v.                    :          **OPINION**
                              :
DEPARTMENT OF HOMELAND        :
SECURITY,                     :
                              :
           Respondent.        :
_____:


**APPEARANCES:**

    JOSEPH A. CHARLES, Petitioner pro se
    #21508-038
    F.C.I. Fort Dix
    East P.O. Box 2000 - West P.O. Box 7000
    Fort Dix, New Jersey 08640

**BUMB,** United States District Judge:

This application (hereinafter "Petition") for a Writ of Mandamus under 28 U.S.C. § 1361 was filed by Petitioner JOSEPH A. CHARLES (hereinafter "Petitioner"). Prior to this Petition, Petitioner made another application to this Court, seeking to proceed in forma pauperis and to obtain habeas relief pursuant to 28 U.S.C. § 2241. See Civil No. 07-1368 (RMB), Charles v. Samuels ("Charles-2241"), 2007 U.S. Dist. LEXIS 41998 (D.N.J.

June 8, 2007).¹  The procedural and factual matters pertaining to Petitioner's Section 2241 application were detailed by this Court in Charles-2241, 2007 U.S. Dist. LEXIS 41998, at *2-5.

Petitioner, a native of Liberia, asserted in his prior proceeding that he is entitled to derivative citizenship through his father, pursuant to 8 U.S.C. § 1431(a).  Petitioner sent two letters to the Department of Homeland Security ("DHS") requesting that the DHS investigate Petitioner's claim to derivative citizenship.  Petitioner's projected release date from his federal prison sentence is October 9, 2007.  He did not allege that he had been placed in removal proceedings, and the DHS reported that Petitioner's file confirms that no removal proceeding has been instituted against him.  Further, the file also showed that no administrative claim of citizenship had been filed by Petitioner with the DHS.  See Charles-2241, 2007 U.S. Dist. LEXIS 41998, at *2-5.

Upon examining Petitioner's Section 2241 claim, this Court explained to Petitioner that there were two ways to seek judicial review of his derivative citizenship claim.  First, if Petitioner was actually subjected to removal proceedings, and his claim of derivative citizenship was denied, Petitioner could seek judicial

---

¹ Since the Court granted Petitioner in forma pauperis status for the purposes of his recent Charles-2241 action, the Court extends Petitioner's in forma pauperis status for the purposes of the instant action.

review from the appropriate court of appeals.  Secondly, Plaintiff could file an Application for Certificate of Citizenship with the proper agency.  If the application was denied, Petitioner could appeal to the Administrative Appeals Unit.  Then, if the appeal was denied, Petitioner might be entitled to bring action in this court to render a declaratory judgment.  Id. at 6.

Apparently, taking a certain notice of this Court's explanations but being: (1) not interested in filing an Application for Certificate of Citizenship, since Petitioner wants to ensure his chances to obtain United States citizenship by applying for the certificate of citizenship *after* his current prison term and parole period expire (in order to avoid or reduce negative considerations ensuing from his criminal sentence), see Ex. B at 1; and (2) disappointed that the removal proceedings have not been initiated, Petitioner filed the instant action.

Pursuant to this action, Petitioner notified this Court that, on May 25, 2007, Petitioner sent another letter to the appropriate agency within DHS requesting that DHS investigate Petitioner's claim to derivative citizenship.  As of July 10, 2007, however, Petitioner had not received an answer to his letter.  See Pet. at 2-3.  Petitioner is asking this Court to order a writ of mandamus directing the

DHS to answer his letters and, reading his application liberally, institute removal proceedings against him. <u>See</u> <u>id.</u> at 3. Petitioner alleges that he is entitled to mandamus relief because he is concerned that he might be detained by the DHS after expiration of his current criminal sentence for the purpose of conducting Petitioner's immigration proceedings, and is displeased with such prospect. <u>See</u> <u>id.</u>

**<u>DISCUSSION</u>**

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases. <u>See</u> <u>Heckler v. Ringer</u>, 466 U.S. 602, 616 (1984). The exercise of the power of mandamus is a matter committed to the sound discretion of the court, <u>Whitehouse v. Illinois Cent. R. Co.</u>, 349 U.S. 366 (1955), and the remedy is to be restricted to exigent circumstances.

In addition, certain conditions must be met before mandamus relief is granted. "Among these are that the party seeking issuance of the writ have no other adequate means to

attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976) (citations omitted).  Thus, mandamus is available to Petitioner only if he shows that (1) he has a clear right to the relief sought, (2) Respondent has a clear duty to perform, and (3) no other adequate remedy is available.  See Brow v. United States Dist. Court, 121 Fed. Appx. 443, 444 (3d Cir. 2005).  Indeed, the critical consideration in determining the propriety of resort to a writ of mandamus is the question of alternative remedies; the writ is usually denied when such alternatives exist.[2]  See Ex Parte Republic of Peru, 318

---

[2]
One court summarized the basic principles governing the availability of the writ of mandamus as follows:

> (1) The writ should be used only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is peremptory. (2) The presumption of validity attends official action, and the burden of proof to the contrary is upon one who challenges the action. (3) Courts have no general supervisory powers over the executive branches or over their officers, which may be invoked by writ of mandamus. Interference of the courts with the performance of the ordinary duties of the executive departments of the government would be productive of nothing but mischief. (4) When the performance of official duty requires an interpretation of the law which governs that performance, the interpretation placed by the officer upon the law will not be interfered with, certainly, unless it is clearly wrong and the official action arbitrary and capricious. (5) For it is only in clear cases of

U.S. 578 (1943). Moreover, the alternative remedies that might call for refusal to resort to writ of mandamus encompass judicial remedies, <u>Carter v. Seamans</u>, 411 F.2d 767 (5th Cir. 1969), as well as administrative ones. See <u>Tarlton v. Clark</u>, 441 F.2d 384 (5th Cir. 1971).

In the case at bar, Petitioner has no right to relief sought. While Section 1229(d), entitled "Prompt initiation of removal," provides that, "[i]n the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of the conviction," 8 U.S.C. § 1229(d)(1), the same statute expressly states that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1229(d)(2). Thus, a prisoner cannot compel the DHS or its agencies, by way of habeas corpus, mandamus or the Administrative Procedure Act, to initiate a removal

---

> illegality of action that courts will intervene to displace the judgments of administrative officers or bodies. (6) Generally speaking, when an administrative remedy is available it must first be exhausted before judicial relief can be obtained, by writ of mandamus or otherwise.

<u>Hammond v. Hull</u>, 131 F.2d 23, 25 (App. D.C. 1942), <u>cert. denied</u>, 318 U.S. 777 (1943) (citations omitted).

proceeding. See Channer v. Hall, 112 F.3d 214 (5th Cir. 1997) (alien cannot seek enforcement of 8 U.S.C. § 1252(h), the predecessor of § 1229(d)(1)); Campos v. INS, 62 F.3d 311 (9th Cir. 1995) (even if the agency charged with removal of removable aliens lodged a detainer against a federal prisoner, the prisoner cannot seek mandamus relief to compel the agency to hold an immediate removal hearing); Hernandez-Avalos v. INS, 50 F.3d 842 (10th Cir. 1995) (same).

Since: (1) the DHS (and the agencies within it) have no clearly established duty to institute Petitioner's removal proceedings; and (2) both alternatives detailed by this Court in its Charles-2241 decision provide Petitioner with more than adequate legal remedies in the event Petitioner has - or desires - to determine with certainty whether he has a derivative citizenship, Petitioner's application cannot be qualified as a true petition for mandamus relief and, therefore, will be denied and subjected to collection of the applicable filing fee. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996) (stating that filing fee requirements of the PLRA apply to prisoners' applications which are not "true," i.e., not bona fide mandamus). Petitioner's displeasure with the possibility of being detained by the DHS (in the event the DHS institutes legitimate legal proceedings against Petitioner) do not alter this Court's

analysis.

If the Petitioner has merely asked this Court to order DHS to answer his letters, he has alleged no duty by which DHS is bound to do so and, as stated above, a writ of mandamus requires a showing that he has a clear right to he relief sought and that respondent has a clear duty to perform.  See <u>Brow</u>, 121 Fed. Appx. at 444.  Moreover, this Court has not independently discovered any such duty that would compel such an order.  Thus, Petitioner's request for an order to answer his letters must be denied.

**<u>CONCLUSION</u>**

Since Petitioner failed to show either that he has a clear right to the relief sought, or that Respondent has a clear duty to perform, or that no other adequate remedy is available to Petitioner, Petitioner's application for a writ of mandamus is denied.

An appropriate Order accompanies this Opinion.


Dated: <u>July 23, 2007</u>                    s/Renée Marie Bumb
                                              RENÉE MARIE BUMB
                                              United States District Judge